ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
THOMAS R. LaBAGH,

                Plaintiff,

-vs-

ROWLEY BUILDING PRODUCTS CORP.,

                Defendant.
---------------------------------------------------X

Judge McMahon

COMPLAINT

JURY TRIAL DEMANDED

ECF Case

# 06 CIV. 2486

## INTRODUCTION

1. Plaintiff brings this employment discrimination action to redress his unlawful
discharge from defendant Rowley Building Products Corp.

## PARTIES

2. Plaintiff Thomas LaBagh resides in the City of Middletown, County of Orange,
within this Judicial district.  At all times relevant hereto, plaintiff worked for
defendant for more than 12 months and worked at least 1,250 hours in the 12
months immediately preceding his termination.

3. Defendant Rowley Building Products Corp. is a corporation organized pursuant to
the laws of the State of New York.  With its corporate offices in Middletown,
New York, at all times relevant hereto, this defendant employed more than 50
persons within 75 miles of its corporate offices.

## JURISDICTION & VENUE

4. As plaintiff brings this action pursuant to the Family and Medical Leave Act, this
Honorable Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(3) & (4) and
29 U.S.C. § 2601 et seq.  As the State law claim arises under the same nucleus of

operative facts as the Federal claim, this Honorable Court has jurisdiction over it pursuant to 28 U.S.C. § 1367.

5.  The events giving rise to this claim arose in Orange County, New York, within this Judicial district.

**FACTUAL AVERMENTS**

6.  On May 22, 2003, plaintiff commenced working for defendant as a salesman in its Middletown store.

7.  Plaintiff suffers from clinical depression and anxiety, serious health conditions and disabilities under the New York Human Rights Law and the Family and Medical Leave Act.

8.  At all times during his employment, plaintiff performed his duties commendably and consistently exceeded sales expectations.

9.  In early 2005, plaintiff's regional manager, Victor Napolitano, learned that plaintiff suffered from clinical depression and anxiety.  Napolitano told plaintiff that he was sympathetic to plaintiff's condition but that some officials at the company "won't be so understanding."

10. When plaintiff used three available sick days on account of his condition, Napolitano berated him.  In addition, Napolitano directed plaintiff that he could not use available sick days without prior approval, a condition not placed on other employees.

11. Further exacerbating plaintiff's emotional condition was his cousin's suicide on March 16, 2005.  When plaintiff asked Napolitano for time off, he verbally abused

2

plaintiff and threatened him if he did not come to work. Napolitano eventually relented when assistant manager Cindy Romalo intervened.

12. Napolitano then authorized a two week leave of absence during which plaintiff began treatment with mental health professionals who diagnosed him as suffering from major depression and anxiety disorder and provided him continuous and intensive psychotherapeutic treatment.

13. By letter dated March 18, 2005, defendant's Human Resources Manager acknowledged plaintiff's anticipated absence from work for medical reasons.

14. However, when plaintiff informed Napolitano that he needed an additional two weeks to complete his treatment, Napolitano grew hostile, calling him at home and suggesting that he might explore other positions within the company. Napalitano further suggested that the workplace might be too stressful for plaintiff. Plaintiff explained that the workplace was not the cause of his stress, but that he had a medical condition for which he was receiving treatment.

15. Plaintiff returned to work on April 19, 2005 with a medical note that his condition had improved and he was fit to work. That day, Napolitano aggressively asked plaintiff why he took four weeks off when he only authorized two weeks. When plaintiff replied that his doctor said he needed four weeks, Napolitano said that he and CEO Brian Rivenburgh had recently decided that plaintiff needed to take another week off.

16. Consistent with Napalitano's directive, plaintiff took off an additional week from work. At the end of the week plaintiff called Human Resources to inquire about

3

his status since he had not yet heard from Napalitano or Rivenburgh. Human

Resources advised that plaintiff should have received a letter from about his job

status. Plaintiff received the letter shortly thereafter.

17. Rivenburgh's letter, dated April 20, 2005, states, in part: "We appreciate your

efforts to return to work this past Tuesday, however, the Company has determined

that it would be in our best interest to relieve you of your position. While your

doctor deemed you to be 'considerably better', our business requires an individual

who can handle a high stress level and be even-tempered. These attributes go

hand-in-hand with most sales positions."

18. Although plaintiff was able to perform the essential functions of his job,

defendant terminated his employment because of his disability and in retaliation

for taking FMLA-qualifying leave.

19. Plaintiff's unlawful termination caused him to suffer emotional and physical

anguish and pain and suffering.

20. In terminating plaintiff, defendant also deprived him of salary and benefits.

**CAUSES OF ACTION**

21. Plaintiff incorporates the allegations in ¶¶ 1-20 as if fully re-stated herein.

22. In terminating plaintiff immediately after he returned from medical leave for his

serious medical condition, defendant willfully violated the Family and Medical

Leave Act. 29 U.S.C. § 2601 et seq.

23. In terminating plaintiff because of his disability, defendant violated the New York

Human Rights Law.

4

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays that this Honorable Court:

a.  empanel a jury to fairly hear and decide this case;

b.  award to plaintiff compensatory damages, including damages for physical and emotional pain and suffering and lost wages and benefits;

c.  order defendant to reinstate plaintiff to his former position;

d.  award to plaintiff liquidated damages for the willful violation of his rights under the Family and Medical Leave Act.

e.  award to plaintiff the reasonable attorneys' fees and costs expended in litigating this action; and

f.  order such other relief deemed appropriate.

Dated:      March 27, 2006

Respectfully submitted,

STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff